## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **J. L. W.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2586** |
| **FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "I" (3)** |

## REPORT AND RECOMMENDATION

Plaintiff timely filed this action for judicial review[1] after the Social Security Administration (the "Administration") issued a final denial of his claim for disability insurance benefits under Title II of the Social Security Act (the "SSA"), 42 U.S.C. § 423, *et seq.*[2] Plaintiff asks the Court to vacate the Administrative Law Judge's ("ALJ") holding that Plaintiff is not entitled to the benefits he seeks and remand this matter for further administrative proceedings.[3] The Administration, via Commissioner Frank Bisignano (the "Commissioner"),[4] urges the Court to affirm the denial of benefits and dismiss this case.[5] Pursuant to 28 U.S.C. § 636(b) and Local Rule 73.2(B), this matter was referred to the undersigned United States Magistrate

---

[1] *See* 42 U.S.C. § 405(g).
[2] R. Doc. 1.
[3] R. Docs. 10, 18.
[4] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).
[5] R. Doc. 17.

1

Judge. Having carefully considered the parties' briefing and the administrative record[6] in the light of the applicable law, it is recommended that Plaintiff's appeal be denied and this complaint dismissed with prejudice.

## I. Background

Plaintiff is a 43-year-old male.[7] He has at least an associate's degree and work experience as a groundskeeper, loader operator, and operating engineer.[8] In March 2022, Plaintiff applied for disability insurance benefits asserting that Crohn's disease, depressive disorder, anxiety disorder, post-traumatic stress disorder, and substance addiction (drugs and alcohol) rendered him disabled as of March 12, 2019.[9] After the Administration denied his application, a hearing to review the claim was held before an ALJ at Plaintiff's request.[10] The ALJ issued a decision in May 2024 holding that Plaintiff was not disabled within the definition of the SSA[11] between March 12, 2019 and the last date on which Plaintiff met the status requirements for disability insurance coverage (September 30, 2019).[12]

The ALJ conducted the five-step sequential analysis required by 20 C.F.R. § 404.1520 to consider a claimant's assertion of disability. As the Fifth Circuit has explained:

---

[6] R. Doc. 7.
[7] *Id.* at 21.
[8] *Id.* at 21-22, 262.
[9] *Id.* at 14, 16-17, 264.
[10] *Id.* at 14, 34-35, 188.
[11] *See* 42 U.S.C. §§ 416(i), 423(d).
[12] R. Doc. 7 at 11-23.

2

> The five steps consider: (1) Is the claimant "doing substantial gainful activity"? (2) If not, does the claimant "have a severe medically determinable physical or mental impairment" of sufficient duration? (3) If so, does her impairment(s) meet or equal a listing in Appendix 1 of the applicable regulations? (4) If not, considering the claimant's "residual functional capacity," can the claimant still do her "past relevant work"? (5) If not, can the claimant adjust to other work given her residual functional capacity, age, education, and work experience?

*Vasquez v. O'Malley*, 2024 WL 4381269, at *1 (5th Cir. Oct. 3, 2024) (quoting 20 C.F.R. § 416.920). At steps one through four, the burden of proof is on the claimant to show he is disabled. *Shave v. Apfel*, 238 F.3d 592, 594 (5th Cir. 2001). If the claimant can carry this burden through step three or four, he has established disability and the inquiry is over. *Id.* Otherwise, the burden shifts to the Commissioner at step five to prove the claimant nonetheless retains sufficient functional capacity to adjust to other employment. *Id.*

The ALJ found that Plaintiff satisfied steps one and two. First, Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability.[13] Second, Plaintiff suffered from several medical impairments, including Crohn's disease, depressive disorder, anxiety disorder, post-traumatic stress disorder, and substance addiction (drugs and alcohol).[14] The ALJ also concluded that Plaintiff suffered from the non-severe impairments of gastroesophageal reflux disease, paronychia of the left thumb, seizure disorder, and anemia.[15] The ALJ

---

[13] *Id.* at 16.
[14] *Id.* at 16-18.
[15] R. Doc. 7 at 16-17.

determined, however, that Plaintiff did not satisfy step three because none of these impairments or any combination thereof met or equaled an impairment listed in Appendix One.[16]

Continuing to step four, the ALJ found that Plaintiff has the residual functional capacity to perform light work with some limitations.[17] The ALJ determined that Plaintiff should avoid operating a vehicle and must avoid certain hazardous or fast-paced work environments.[18] But the ALJ found that Plaintiff can nonetheless understand, remember, and apply both simple and routine instructions, and is able to adapt to occasional changes in work setting.[19] The ALJ concluded that Plaintiff retained the functional capacity required to successfully adjust to other work.[20] Therefore, it held that Plaintiff was not disabled during the period for which he claims entitlement to disability insurance benefits.[21]

Now petitioning this Court for review, Plaintiff asserts the ALJ failed to properly evaluate one of his proffered expert medical opinions.[22] Plaintiff argues that this non-harmless error requires vacatur and remand for further consideration by the

---

[16] *Id.* at 17-18; *see also* 20 C.F.R. § 404, Subpt. P, App. 1.
[17] *Id.* at 18.
[18] *Id.*
[19] *Id.*
[20] *Id.* at 21-22. The ALJ noted that Plaintiff was unable to perform his past relevant work as a groundskeeper, loader operator, and operating engineer but determined that Plaintiff's capacity, age, education, and work experience qualified him to perform other jobs that existed in significant numbers in the national economy. *Id.*
[21] *Id.* at 23.
[22] R. Doc. 18 at 1-3.

ALJ.[23] In opposition, the Commissioner argues the ALJ applied the proper legal standards in evaluating the record evidence and that its decision must be affirmed as supported by substantial evidence.[24]

## II. Standard of Review

This Court's review of a denial of social security benefits "is exceedingly deferential and limited to two inquiries: whether substantial evidence supports the ALJ's decision, and whether the ALJ applied the proper legal standards when evaluating the evidence." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). This must constitute "more than a mere scintilla" of evidence but may be "less than a preponderance." *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). The Court "may not reweigh the evidence in the record, nor try the issues *de novo*, nor substitute [its] judgment . . . even if [the Court concludes that] the evidence preponderates against" the ALJ's findings. *Johnson v. Bowen*, 864 F.2d 340, 343 (5th Cir. 1988). "A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings to support" the denial of benefits. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (citing *Johnson*, 864 F.2d at 343-44). If supported by substantial

---

[23] *Id.*
[24] R. Doc. 17.

evidence, the ALJ's determination is conclusive and must be affirmed. *Richardson*, 402 U.S. at 390 (citing 42 U.S.C. § 405(g)).

### III. Discussion

Plaintiff argues the ALJ's determination that he was not disabled is unsupported by substantial evidence because the ALJ "failed to properly evaluate" the medical opinion of Michael McCormick, M.D..[25] As directed by 20 C.F.R. § 404.1520c(b), the ALJ must consider all record medical opinions and prior administrative medical findings based on: (1) supportability, (2) consistency, (3) the physician's relationship with the claimant, (4) specialization, and (5) any other factors that tend to support or contradict a medical opinion or prior administrative medical finding. Because supportability and consistency are the most important factors, the ALJ must explain its consideration of those factors in weighing and evaluating each medical opinion. 20 C.F.R. § 404.1520c(b)(2).

The supportability factor evaluates how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)." 20 C.F.R. § 404.1520c(c)(1). "[S]upportability looks internally to the bases presented by the medical opinion itself." *Sharon H. v. Kijakazi*, No. 5:21-CV-167-H, 2022 WL 3951488, at *3 (N.D. Tex. Aug. 31, 2022).[26] Thus, "[i]n

---

[25] R. Doc. 18 at 1.
[26] *See also Guillory v. Kijakazi*, No. 22-4135, 2023 WL 9751083, at *3 (E.D. La. Sept. 1, 2023), report and recommendation adopted, 2024 WL 711604 (E.D. La. Feb. 21, 2024).

articulating how they considered the supportability factor, ALJs may note that the physician's own treatment notes do not support the physician's opinion, that the physician's opinion stems from a checklist, [and] that the physician did not consider certain evidence, did not examine the claimant, or did not provide a detailed explanation for [their] opinion." *Guillory*, 2023 WL 9751083, at *3 (quoting *Starman v. Kijakazi*, No. 2:20-CV-00035-SRC, 2021 WL 4459729, at *4 (E.D. Mo. Sept. 29, 2021) (collecting sources)).

Consistency, on the other hand, is the "extent to which the opinion is consistent with the evidence from other medical sources and nonmedical sources in the claim." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844-01, 5853 (Jan. 18, 2017). "[C]onsistency is an external inquiry that juxtaposes a medical opinion to other evidence in the record, including opinions of other medical professionals." *Sharon H.*, 2022 WL 3951488, at *3. The greater a medical opinion's consistency with other medical sources or record evidence, the greater its persuasive value. 20 C.F.R. § 404.1520c(c)(2).

Plaintiff argues that the ALJ failed to consider Dr. McCormick's opinion and failed to "explain how [he] considered the supportability and consistency factors . . . in [his] determination or decision."[27] Thus, Plaintiff contends the ALJ's decision lacks substantial supporting evidence and is insufficient with respect to both supportability

---

[27] R. Doc. 18 at 2-3; *see also* 20 C.F.R. § 404.1520c(2).

and consistency.[28] In support of this argument, Plaintiff points to a handful of cases in which district courts have reversed and remanded an ALJ's decision because an inadequate explanation of the consistency and supportability factors would "require the [c]ourt to merely speculate about the reasons behind the ALJ's persuasiveness finding or lack thereof." *Miles v. Kijakazi*, No. CV 23-7327, 2025 WL 39790, at *11 (E.D. La. Jan. 7, 2025) (citing *Wallace*, No. 3:22-CV-0820-X-BH, 2023 WL 2795854, at *9 (N.D. Tex. Mar. 20, 2023) (citing *Cooley v. Comm'r of Soc. Sec.*, 587 F. Supp. 3d 489, 499 (S.D. Miss. 2021) (internal citations omitted)). In those cases, however, remand was necessary because the ALJ failed to provide specific evidence indicating why a medical opinion in its entirety was not completely persuasive, rendering the district court unable to perform even its highly deferential review of the ALJ's decision. *See id.*; *but see Padgett v. Soc. Sec. Admin.*, No. CV 23-1468, 2023 WL 8369248, at *5 (E.D. La. Dec. 4, 2023); *Silva v. Kijakazi*, No. 22-51045, 2023 WL 3723628, at *1 (5th Cir. 2023) (citing *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (finding that "the ALJ clearly explained the shortcomings" in reasoning that 'an ALJ is not always required to do an exhaustive point-by-point discussion' of the evidence).

The ALJ's discussion here, by contrast, is not so inadequate. The discussion of Dr. McCormick's opinion is brief, but detailed:

> Michael McCormick, M.D., completed a Mental Impairment Questionnaire for the claimant in 2024, indicating marked and extreme

---

[28] R. Doc. 18 at 2-3.

> limitations in several areas. He indicated that it was more probable than not that the claimant was not able to work, and he noted that he began treating the claimant in 2016. However, Dr. Winchester's opinion considers time frames outside the period at issue, was offered without support, and is inconsistent with evidence from the relevant period under review as discussed above. Therefore, it is unpersuasive.[29]

Thus, with regard to the supportability factor, the ALJ explained that it found Dr. McCormick's opinion unpersuasive because it fell outside the period of issue (March 12, 2019, to September 30, 2019) and is inconsistent with evidence from that time period.[30] The ALJ also noted that, while evidence contained in the record was considered, no deference or specific evidentiary weight, including controlling weight, could be given to any prior medical opinion or administrative medical finding that failed to address the period at issue.[31] In evaluating the opinion's supportability, "the pertinent question is not whether the ALJ presented an arbitrary level of detail, it is whether the decision contains a sufficient articulation to identify the evidentiary choices made by the finder of fact." *See Padgett*, 2023 WL 8369248, at \*5.

As for the consistency factor, the ALJ explained that the record evidence Dr. McCormick cited in his report was inconsistent with other evidence received at the hearing level and did not in fact establish the limitations he assessed to Plaintiff as it relates to him generally, let alone the period at issue.[32] This explanation suffices

---

[29] R. Doc. 7 at 21.
[30] *Id.* at 20-21.
[31] *Id.*
[32] *Id.* at 20-21. The Court notes that, as stated *supra,* 42 U.S.C. § 405(g) does not empower a reviewing court to substitute its judgment for the ALJ's "even if the evidence preponderates against" the ALJ's decision. *Johnson*, 864 F.2d at 343. While

for the Court to perform the limited and deferential review of the ALJ's decision permitted under 42 U.S.C. §405(g). Remand for reevaluation of Dr. McCormick's opinion is not necessary here.

The ALJ found that the record evidence overall indicates Plaintiff responded well to medical treatment following his rectal procedure in January 2019.[33] It found of greater consistency and supportability, and thus greater persuasive value, the proffered progress notes from the Veterans' Administration, which established the inconsistency in statements concerning the intensity, persistence, and limiting effects of the symptoms contained within the other medical evidence in the record.[34] It pointed to evidence that, during the period at issue, Plaintiff "described his life as 'pretty good' with no stress . . . had not experienced a seizure since 2017 . . . tolerat[ed] all pain well, and [that] his gait was normal," in addition to overall unremarkable reports of normal medical results upon physical examination.[35] This is thus not a case where "no credible evidentiary choices or medical findings support" the ALJ's

---

the record evidence cited in Dr. McCormick's report may be reasonably interpreted as consistent with his medical opinions, on its exceedingly deferential review, this Court finds no reversible error in the ALJ's conclusion that the record did not establish the limitations he assessed to Plaintiff. *See Taylor*, 706 F.3d at 602.

[33] R. Doc. 7 at 20-21. The ALJ noted Plaintiff's usage of over-the-counter medications for both constipation and residual abdominal pain relief. *Id.*

[34] *Id.* The ALJ acknowledged that the progress notes supported that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms but found that residual functional capacity was appropriately assessed considering exertional and postural limitations for Plaintiff's complaints of pain and restrictions regarding bathroom use for his history of Crohn's disease.

[35] *Id.* at 20.

decision. *Harris*, 209 F.3d at 417. The ALJ's denial of benefits to Plaintiff is supported by substantial evidence and must be affirmed.

## IV. Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs appeal be denied and that this matter be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 15th day of July, 2025.

_____
**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**